UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ANTOINETTE R. WILKINSON | * | CIVIL ACTION NO. |
| --- | --- | --- |
| | * | |
| | * | SECTION " " |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| HUMANA HEALTH BENEFIT | * | MAGISTRATE JUDGE |
| PLAN OF LOUISIANA, INC. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

The complaint of Antoinette R. Wilkinson, a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, with respect represents:

1.

Made defendant herein is Humana Health Benefit Plan of Louisiana, Inc., hereinafter referred to as "Humana", a business corporation organized under the laws of the State of Louisiana, and doing business in the Parish of Jefferson, State of Louisiana, operating a health organization in an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C.A. Sec. 1002.

## **JURISDICTION**

The jurisdiction of this Court is invoked pursuant to ERISA. The instant matter is an appeal of the denial of medical insurance benefits. This action is authorized under 29 U.S.C.A. Sec. 1132 (a)(1)(B) and (a)(3).

2.

Complainant is a member of an employee welfare benefit plan operated by defendant,

Humana, which benefit plan is provided to complainant by virtue of her employment with American Pollution Control Corp., hereinafter referred to as ("AMPOL").

3.

The benefit plan operated by defendant provides that when medically necessary, complainant is entitled to medical care under the conditions provided for under the plan.

4.

The plan provides Humana some discretion to make determinations about the entitlement to benefits, however Humana receives premiums from AMPOL in return for the agreement to provide the medical care and to the extent that medical care is provided under the plan, profits to Humana are reduced.

5.

Because the profit that Humana will receive for operating the plan is directly related to the extent to which Humana provides care, the health benefit plan contains a structural conflict to the extent that the structural conflict must be considered when Humana makes a determination to deny benefits.

**6.**

The Humana employee welfare benefit plan is in reality nothing more than a health insurance policy providing coverage for AMPOL employees.

7.

Complainant under went an elective abdominoplasty on or about December 20, 2016.

8.

Approximately two weeks post abdominoplasty, on or about January 2, 2017, complainant started suffering from severe chest pain located primarily in the anterior aspect of

her right upper chest.

9.

Complainant was admitted to the emergency room at West Jefferson Medical Center on January 2, 2017 suffering from said symptoms.

10.

Complainant was diagnosed with pulmonary embolism and treated for several days in the ICU at West Jefferson Medical Center.

11.

Complainant had no significant past medical history, however, complainant had also recently began a hormone therapy regiment with the drug Prempro.

12.

One of the noted side effects of the hormone therapy drug Prempro in the formation of blood clots.

13.

Complainant's treating physician found that the likely cause of the pulmonary embolism was hormone therapy with Prempro as well as the recent surgery.

14.

Complainant's physicians state that it was impossible to tell which was the primary cause of the embolism but that both likely played roles.

15.

Complainant was quite active following her surgery which according to her treating physician made the surgery less likely to be the primary cause of the pulmonary embolism.

16.

On January 5, 2017, Humana notified West Jefferson Medical Center that they were denying coverage of complainant's claim.

17.

Claimant timely filed an appeal and was notified sometime after August 11, 2017 that Humana would not be approving payment for the medical services rendered.

18.

During the course of the appeal, claimant provided to Humana the entire medical file provided by West Jefferson Medical Center.

19.

The medical records are clear that complainant's treating physicians determined that the hormone therapy drug, Prempro, was more likely or just as likely the cause of the pulmonary embolism as was the surgery.

20.

Due to Humana's refusal to fairly review the medical records in determining the payment of these medical services, complainant is entitled to a de novo review by the Court including testimony from her treating physicians.

21.

Furthermore, Humana's approval process has denied complainant a meaningful administrative remedy to review her claim and is a breach of its duty to plan members such as complainant.

WHEREFOR, Complainant prays that after due proceedings including de novo review, Complainant be authorized to have her medical bills paid.

Complainant further prays that she be awarded attorney fees, all costs of these proceedings and any penalties to which she is entitled for the arbitrary denial of her benefits.

Respectfully submitted:

/s/ Philip C. Ciaccio, Jr.
Philip C. Ciaccio, Jr. (#1763)
320 Huey P. Long Avenue
Gretna, Louisiana 70053
Telephone: (504) 364-1892

**ATTORNEY FOR PLAINTIFF,
ANTOINETTE R. WILKINSON**